IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
MAY - 8 2007

U.S. DISTRICT COURT
[ARKERSBURG, WV]

**GERALD LEE HEALEY,**

Petitioner,

v.

Civil Action No. 1:06cv131
Criminal Action No. 1:04cr44(1)
(Judge Keeley)

**UNITED STATES OF AMERICA,**

Respondent.

## OPINION/REPORT AND RECOMMENDATION

On August 31, 2006, the *pro se* petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The case was referred to the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.

Upon a preliminary review of the petitioner's § 2255 motion, it appeared that the motion was untimely. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising petitioner that his case would be recommend for dismissal unless he could show that his motion was timely. See Doc. 31. On September 15, 2006, petitioner filed a response to the Court's Hill v. Braxton Notice. Accordingly, this case is ripe for review.

### I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On May 5, 2004, petitioner was charged with one count of stealing a firearm from a licensed dealer and four counts of selling stolen firearms. On December 10, 2004, petitioner pled guilty to count one of the indictment, aiding and abetting another person in the theft of firearms from a federally licensed firearms dealer. On March 30, 2005, petitioner was sentenced to 27 months imprisonment.

## B. Appeal

Petitioner did not file a direct appeal of his conviction and sentence.

## C. Federal Habeas Corpus

In the petition, petitioner asserts two grounds for relief:

(1) ineffective assistance of counsel for failure to file a direct appeal; and

(2) prosecutorial misconduct.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final then days from the date judgment is entered." See Sherrill v. United

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

2

States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). In this case, petitioners' Judgment was entered on March 30, 2005. Thus, his judgment of conviction became final on or about April 14, 2005, and petitioner had until April 14, 2006, to timely file a § 2255 motion. The instant motion was filed on August 31, 2006, more than four months to late.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In his response to the Court's Hill v. Braxton Notice, petitioner asserts that his motion should not be dismissed as untimely because he only discovered the errors in his case one month prior to filing this action. However, the undersigned believes that the facts giving rise to petitioners' claims could have, or should have been known through due diligence much sooner. In addition, petitioner asserts that "the passage of time cannot bar a constitutional violation . . . where the prisoner is still confined." Response (dckt. 32) at 1 (citing McKinney v. United States, 208 F.2d 844 (D.C. Cir. 1953)). However, McKinney was decided prior to the enactment of the AEDPA and is inapposite.[2]

---

[2] At that time, there was no time limitation for filing a § 2255 motion.

3

Petitioner filed his § 2255 petition on August 31, 2006, and is therefore subject to the time limitations of the AEDPA. Accordingly, petitioner has failed to show that he is entitled to equitable tolling and his § 2255 motion should be dismissed with prejudice as untimely.

### III. Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: May 7, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE